NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHEEN PEPPERS, et al., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> : <br> COREY A. BOOKER, et al., : <br> : <br> Defendants. : <br> : | Civil Action No. 11-3207 (CCC) <br><br> OPINION |

CECCHI, District Judge.

I. **INTRODUCTION**

This matter comes before the Court by way of Defendants' motion to dismiss Plaintiffs' First Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has considered the submissions made in support of and in opposition to the instant motion.[1] Based on the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part.

II. **BACKGROUND**[2]

The Plaintiffs in this matter are Rasheen Peppers ("Peppers"), Darnell Henry ("Henry"), Joseph Hadley ("Hadley"), Kevin Lassiter ("Lassiter"), and Vincent Cordi ("Cordi")

---

[1] The Court considers arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

[2] For a detailed recitation of the facts, see this Court's May 17, 2012 Opinion, Peppers v. Booker, No. 11-3207, 2012, U.S. Dist. LEXIS 68963 (D.N.J. May 17, 2012).

(collectively, "Plaintiffs"). At all times relevant to the proceedings, Plaintiffs were Police Officers employed by the Newark Police Department, within the City of Newark, New Jersey. (Am. Compl. ¶¶ 5-9.) Plaintiffs assert that they were each transferred and/or demoted in retaliation for their political support of Clifford Minor ("Minor") – the candidate opposing incumbent Mayor Cory A. Booker[3] ("Booker") – in Newark's 2010 mayoral election. (See generally, Am. Compl.) Plaintiffs' Amended Complaint alleges (1) a claim under Section 1983 for interfering with Plaintiffs' First Amendment rights to freedom of speech and association; and (2) violations of Plaintiffs' rights to freedom of speech and assembly under the New Jersey Constitution.

On June 3, 2011, Plaintiffs filed a Verified Complaint ("Complaint") asserting that they were demoted in retaliation for supporting Booker's opposition in the 2010 mayoral election. (See Compl.) On October 20, 2011, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 17, 2012, this Court granted Defendants' motion to dismiss Plaintiffs' Complaint and allowed Plaintiffs fourteen days to file an amended complaint. See Peppers v. Booker, No. 11-3207, 2012 U.S. Dist. LEXIS 68963 (D.N.J. May 17, 2012) ("Opinion"). On June 3, 2012, Plaintiffs filed their First Amended Complaint. (See Am. Compl.) Defendants now move to dismiss Plaintiffs' Amended Complaint.

## III. LEGAL STANDARD

To survive dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

---

[3] Improperly pleaded by Plaintiffs as "Corey A. Booker." The correct spelling of the Mayor's name, Cory A. Booker, will be used by the Court.

2

Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (internal citation omitted). Thus, in assessing a complaint's sufficiency through the 12(b)(6) framework, a court must consider only those allegations, which are factual in nature, ignoring allegations that are conclusory or merely restatements of the elements of the claim.

To determine the sufficiency of a complaint a court must engage in a three step analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. At this step, the court must disregard "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," leaving only factual allegations for the court's consideration. Santiago v. Warminster Twp., 629 F.3d 121, 131 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. at 130 (citations omitted).

In determining whether the facts alleged indicate an entitlement to relief, the court must determine whether a claim is facially plausible. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged.'" Santiago, 629 F.3d. at 132 (quoting Iqbal, 556 U.S. at 678). "Determining whether a complaint states a plausible claim is context-specific," but the reviewing court must draw on its judicial experience to determine whether the well-pleaded facts when accepted as true support the inference that the alleged misconduct is plausible and not "merely possible." Iqbal, 629 F.3d. at 678.

## IV.  DISCUSSION

### A.  Plaintiffs' Complaint Was Timely Filed

Defendants argue that Plaintiffs' Amended Complaint should be dismissed because it was untimely filed. (Defs.' Br. 14.) As the Plaintiffs correctly point out, when service is made by electronic means, the Federal Rules of Civil Procedure allow the addition of three days to a period that would otherwise expire. See FED. R. CIV. PRO. R. 6(d), 5(b)(2)(E); Harnish v. Widener Univ. Sch. of Law, No. 12-608, 2012 U.S. Dist. LEXIS 92375, at *5-7 (D.N.J. July 3, 2012). Here, the Court's Opinion and Order, which granted Plaintiff fourteen (14) days to file an amended complaint, was filed and served electronically on May 17, 2012. Plaintiffs filed their Amended Complaint seventeen (17) days later on June 3, 2012. Because the Court's Order was served electronically, Rule 6(d) adds an additional three days to the Court's deadline. Thus, the Court finds that Plaintiffs' Amended Complaint was filed in a timely manner.

### B.  Liability of the City of Newark

Defendants argue that Plaintiffs fail to allege facts "demonstrating that the decision to transfer the Plaintiffs was department-wide policy of the present Director." (Defs.' Reply Br. 5.) In opposition, Plaintiffs claim that by ordering the transfers and demotions at issue, Defendant McCarthy, the Police Director of the Newark Police Department, created an official policy of retaliation against employees who did not support Booker's reelection. (Pls.' Br. 9-10.) They

claim that McCarthy has policymaking authority and that "[he ordered] plaintiffs' transfers (and demotions)." (Am. Compl. ¶ 63.) Plaintiffs allege that both Henry and Lassiter were told by McCarthy himself that a promotion list with Henry's name on it was allowed to expire because "Officer Henry and other members of the police department were not supporting Booker's reelection." (Id. ¶¶ 42, 55).

While "a municipality cannot be held liable under § 1983 for the constitutional torts of its employees by virtue of respondeat superior," a municipality may be liable for the torts of its employees, in one of the following three ways:

> First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity ...; second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy ...; third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes[.]

McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005) (internal citations omitted).

"[A]n official with policymaking authority can create official policy, even by rendering a single decision." McGreevy, 413 F.3d at 367-68 (emphasis added) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986)) ("[I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."). In order to establish this type of liability, "the plaintiff must first allege that a defendant is a final policymaker. Only then can a court proceed to the next question of whether the single act or single decision of that defendant constituted municipal policy." Santiago v. Warminster Tp., 629 F.3d 121, 135 (3d Cir. 2010) (quoting McGreal v. Ostrov, 368 F.3d 657, 685 (7th Cir. 2004)).

In order to determine whether the Police Director is a policymaker, "a court must determine which official had final, unreviewable discretion to make a decision or take action."

McGreevy, 413 F.3d at 369 (quoting Kneipp v. Tedder, 95 F.3d 1199 (3d Cir. 1996)). According to the Revised General Ordinances of the City of Newark, the Police Director shall: "a. Be the Chief Executive Officer of the Police Department" and "b. Make, administer and enforce rules and regulations for the control, disposition and discipline of the Department, and of its officers and employees." NEWARK, NJ, REV. GEN. ORDINANCES §2:20-1.4 (2000), available at http://70.168.205.112/newark_nj/lpext.dll?f=templates&fn=site_main-j.htm&2.0.  In light of this, Director McCarthy's power to administer and enforce rules of control, disposition, and discipline of officers and employees as the Head of the Department leads to the plausible inference that he has final unreviewable discretion to make decisions regarding transfers, demotions, and promotions. See NEWARK, NJ, REV. GEN. ORDINANCES §§ 2:20-1.4, 2:4-1.

The Court must now inquire as to whether Plaintiffs have sufficiently pleaded that McCarthy's actions created an official policy that caused harm to Plaintiffs. See McGreevy, 413 F.3d at 369 (holding that because a school superintendent is a final policymaker with regard to the ratings of school employees; therefore, his rating of the plaintiff constituted official government policy); Pembaur, 475 U.S. at 484-85 (finding that plaintiff property owner's claim was improperly dismissed against defendant county when the county prosecutor acted as a final decision maker for the county when he authorized the sheriff to enter the plaintiff's property in violation of the Fourth Amendment).

Here, Plaintiffs allege that McCarthy transferred and/or demoted them in retaliation for their support of Minor. (Am. Compl. ¶¶ 14, 16, 27, 37, 39, 42, 46, 47, 54, 55, 61, 63.)  In particular, Plaintiffs claim that Peppers was transferred without thirty days notice because the "Police Director wanted this done." (Id. ¶ 27.)  The Amended Complaint further states that "Officer Henry was told by Police Director McCarthy that a promotion[s] list for Lieutenant, on

6

which Henry was included, was allowed to expire because Henry and other members of the police department were not supporting Booker's reelection." (Id. ¶ 42.) Additionally, Plaintiffs claim that McCarthy also told Lassiter that the promotions list was allowed to expire because of Plaintiffs' support for Minor. (Id. ¶ 55.) Finally, Plaintiffs claim that "plaintiffs' transfers (and demotions) were ordered by Newark Police Director Garry F. McCarthy." (Id. ¶ 63.) Given these allegations, the Court is persuaded that Plaintiffs have sufficiently pleaded claims against the municipality.

### C. Liability of the Individual Defendants

Defendants argue that liability cannot attach to the individual Defendants, McCarthy and Booker, because Plaintiffs have failed to assert any specific action taken by them that resulted in the alleged constitutional deprivation. (Defs.' Br. 9.) The Third Circuit has held that "a[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Melillo v. Elizabeth Bd. of Educ., No. 11-4887, 2012 U.S. Dist. LEXIS 182018, at *10-11 (D.N.J. Dec. 21, 2012) (quoting Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiffs must allege facts that show the personal involvement of the individual defendants. Evancho, 423 F.3d at 353. "[A] civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Id. at 353. Based on this standard, the Court will address the liability of McCarthy and Booker in turn.

#### 1. Defendant McCarthy

Defendants argue that Plaintiffs fail to state any factual allegations that show that McCarthy had personally acted in establishing a policy, which caused Plaintiffs constitutional

7

harm. (Defs.' Br. 12.) Defendants further state that Plaintiffs' allegation that McCarthy declined to promote Henry and Lassiter is irrelevant because in any event, they were not ranked sufficiently high enough for a promotion. (Defs. Br. 13-14; Am. Compl. ¶ 42, 55.) Moreover, Defendants also argue that this allegation is one of failure to promote, and does not support Plaintiffs' claims of retaliatory transfer and demotion. (Defs.' Br. 13-14.) In response, Plaintiffs simply state that McCarthy knew of their political support for Booker's rival and acted in retaliation by transferring and demoting them. (Pls.' Br. 11-12.)

The Amended Complaint states that Peppers was retaliated against and "was told that the Police Director [McCarthy] wanted this done." (Am. Compl. ¶ 27.) Further, Plaintiffs allege that McCarthy told both Henry and Lassiter that a promotion list, on which Henry was included, was allowed to expire because of the political affiliation of Henry and other members of the police department. (Id. ¶¶ 42, 55.) The Court finds that based on these and other allegations in the Complaint, Plaintiffs have sufficiently stated McCarthy's personal involvement and knowledge. Defendants' motion to dismiss Plaintiffs' claims against McCarthy is therefore, denied.

### 2. Defendant Booker

Defendants argue that Plaintiffs failed to provide the necessary facts to support an allegation that Booker established and maintained a policy, practice or custom that directly caused Plaintiffs constitutional harm. (Defs.' Br. 11.) In particular, Defendants aver that Plaintiffs indicate only a practice of retaliation by the previous mayor's administration, not one under Booker's administration. (Id.) In opposition, Plaintiffs argue that one of Booker's political aides had knowledge of Plaintiffs' political allegiance with Minor and that an ally of

Booker told Henry that he was transferred for failing to support Booker's reelection. (Pls.' Br. 11-12.)

The Court finds that with respect to Booker, the Plaintiffs have not sufficiently pleaded facts that show Booker's personal involvement. The Amended Complaint states that "[P]laintiffs' transfers (and demotions) were ordered by . . . McCarthy at either the insistence of or with the approval of . . . Booker." (Am. Compl. ¶ 63.) Regarding Booker's knowledge of Plaintiffs' political support for Minor, Plaintiffs allege that Peppers had posted his support for Minor on his facebook page at the time when he was somewhat of a minor celebrity and had over 5,000 fans on the site. (Id. ¶ 17.) The Complaint also asserts that Henry is the godson of Minor and that Booker's Deputy Chief of Staff, James, had confronted Henry about his association with Minor. (Id. ¶ 35.) Moreover, the Complaint alleges that Plaintiff Cordi was once approached by Councilman Anibol Ramos, Jr., a political ally and supporter of Booker, and was "taken to task for his support" of Minor. (Id. ¶ 60.) With regard to the remaining parties, Plaintiffs allege that Hadley, Lassiter, and Cordi were known to have bought tickets to and /or attended Minor's fundraisers. (Id. ¶¶ 45, 53, 59.)

The Court finds that these generalized assertions lack the necessary factual support to directly implicate Defendant Booker. Further, the mere assertion that some of the Plaintiffs were "known" to have acted in support of Minor does not lead to the plausible conclusion that Defendant Booker had any knowledge of such action. They do not lead to the inference that Booker had actual knowledge of these events. Thus, the Court dismisses all claims against Defendant Booker with prejudice.

## V.  CONCLUSION

Based on the reasons set forth above, Defendants' motion to dismiss Plaintiffs' Amended Complaint is granted in part and denied in part.

An appropriate Order accompanies this Opinion.

_____
**CLAIRE C. CECCHI, U.S.D.J.**

DATED:  January 30, 2013